IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY L. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-830-SLR |
| | ) |
| TRANSPORT DRIVERS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

Anthony L. Ware, Wilmington, Delaware. Pro se Plaintiff.

Herbert W. Mondros, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: March 18, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Anthony Ware ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on June 28, 2012 alleging employment discrimination and retaliation by reason of race, color, and sex. (D.I. 2) Presently before the court is defendants' motion to dismiss. (D.I. 13) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant defendants' motion and will give plaintiff leave to amend.

## II. PROCEDURAL AND FACTUAL BACKGROUND

It appears that, on an unidentified date, defendant Transport Drivers, Inc. ("Transport Drivers") terminated plaintiff's employment as a non-exempt (piece-rate) delivery driver. (D.I. 2, facts ¶¶ 16-17) The complaint refers to Title VII and 29 U.S.C.[1] Plaintiff alleges: (1) unlawful termination and refusal to reinstate when unauthorized information was provided without notice to plaintiff, all in violation of his right to due process; (2) retaliation for questioning defendants about discriminatory practices; (3) fear of retaliation based upon defendants' conduct towards black drivers; and (4) discrimination in order to create a position for a white employee. (Id. at ¶¶ 9, 10, 14, 39)

The complaint also makes reference to Federal Motor Carrier Safety Regulations, the Delaware Uniform Commercial Driver's License Act, Other States Uniform Commercial Driver's License Act, the Federal Motor Carrier Safety Act, the States Act, the Whistleblower Act, due process violations, the Equal Pay Act, the Unfair

---

[1] Neither the complaint nor the civil cover sheet indicate under what section plaintiff proceeds.

Labor Practice Act, the FSLA (presumably the Fair Labor Standards Act), and the Privacy Act.[2] (*See* D.I. 2, facts ¶¶ 1-12, 22, 48)

According to the allegations in the complaint, from May 28, 2011 to November 28, 2011, plaintiff was insured as required by the State of Delaware. (*Id.* at ¶ 30) Plaintiff alleges that defendants through a third party and, on an unknown date, fraudulently obtained his driving records from the Delaware Division of Motor Vehicles and received U.S. MVR Express records[3] that indicated plaintiff was an uninsured motorist. (*Id.* at ¶¶ 22, 24-27, 31) On October 17, 2011, plaintiff received a letter from Transport Drivers notifying him that he was suspended. (*Id.* at ¶ 37) The same date, plaintiff informed Transport Drivers that he was insured for the period of August 31, 2011 to September 28, 2011. (*Id.* at ¶ 31) Next, plaintiff provided a letter to defendant TDI Nationwide and Affiliated Companies ("TDI") dated October 21, 2011, that apparently indicated he was insured. (*Id.* at ¶ 34) On October 24, 2011, new (unidentified) charges were issued against plaintiff. (*Id.* at 40) Plaintiff alleges that defendants provided him a copy of the company handbook or policy, but failed to provide him a copy of the "work rules," and that his right to due process was violated.[4] (*Id.* at ¶¶ 39-44) Plaintiff requested his employment records but they were not provided

---

[2]The complaint does not contain the statutory citation or a specific section for any of these asserted laws.

[3]The report contains a history of violations, convictions, collisions and departmental actions incurred by a driver over a period of time. *See* http://www.mvdwebexpress.com/p5/Motor-Vehicle-Record-(MVR)/product_info.html.

[4]In defendants' reply, they include a copy of a document that indicates plaintiff received a copy of the employee handbook. (D.I. 18, ex. A)

2

to him. (*Id.* at ¶¶ 47-48)

The complaint summarizes plaintiff's claims as "discriminatory acts for questionably unlawful acts, conditions of employment, unlawful termination, displace [sic] and defendants' failure to reinstatement [sic] for employment question about management right to take action against me." (D.I. 2, ¶ 9) Plaintiff filed a charge of discrimination against defendant Transport Drivers and received right to sue notices from the State of Delaware Department of Labor on March 29, 2012, and the United States Equal Employment Opportunity Commission on September 14, 2012. (*See* D.I. 2, 6) Plaintiff seeks recovery of overtime compensation, wait time, clearance time, underpaid wages, witness time, liquidated and declaratory damages and costs and reasonable future attorney fees.[5] (D.I. 2, facts at ¶ 21)

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint: (1) is frivolous as it is based upon various laws which do not afford plaintiff a private right action; and (2) fails to state a claim under any other legal theory. In the alternative, defendants contend that plaintiff should provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff opposes the motion.

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents

---

[5] Plaintiff currently proceeds pro se and, therefore, attorney fees are not recoverable.

incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff''s obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

To the extent that plaintiff asserts a private cause of action under Federal Motor Carrier Safety Regulations or the Federal Motor Carrier Safety Act, the claims fail. *See Lipscomb v. Zurich Am. Ins. Co.*, 2012 WL 1902595 (E.D. La. 2002) (Neither the Federal Motor Carrier Safety Regulations nor the Federal Motor Carrier Safety Act creates a private cause of action). Similarly, the Delaware Uniform Commercial Driver License Act, 21 Del. C. §§ 2600-2626, does not provide for a private cause of action.

With regard to claims that may be raised under the "Other States Uniform

4

Commercial Driver's License Act," "the States Act," and "29 U.S.C.," said laws are not adequately identified, and the court is unable to discern what it is that plaintiff attempts to plead.

As currently pled, the claims under the remaining statutes upon which plaintiff relies, as well as the due process claims, are deficient. In some instances, the complaint appears to confuse civil claims with criminal claims. In addition, the claims are factually deficient. For example, the complaint fails to state what "new charges" were brought against plaintiff, when plaintiff's employment was terminated, or what protected activity he engaged in. Nor does the complaint provide facts to support any wage claim or claim for fraud. Finally, the allegations are conclusory and fail to meet the pleading requirements of *Iqbal* and *Twombly*.

Accordingly, the court will grant defendants' motion to dismiss. However, since it is not inconceivable that plaintiff may be able to cure his pleading defects, he will be given an opportunity to amend the complaint. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption")

## V. CONCLUSION

For the above reasons, the court will grant defendants' motion to dismiss. (D.I. 13) Given plaintiff's pro se status, he will be given one opportunity to amend the complaint to correct his pleading defects.

An appropriate order will issue.