IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY L. WARE,           )
                           )
    Plaintiff,         )
                           )
v.                         ) Civ. No. 12-830-SLR
                           )
TRANSPORT DRIVERS, INC., et al., )
                           )
    Defendants.        )

---

Anthony L. Ware, Wilmington, Delaware. Pro se Plaintiff.

Herbert W. Mondros, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: December 3, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Anthony Ware ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on June 28, 2012 alleging employment discrimination and retaliation by reason of race, color, and sex. (D.I. 2) Presently before the court is defendants' motion to dismiss the amended complaint. (D.I. 23) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant defendants' motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On March 19, 2014, the court dismissed all claims raised in the original complaint and gave plaintiff leave to amend. Plaintiff filed an amended complaint on April 21, 2014 (D.I. 22) that is identical to the original complaint except that it adds Count III and includes 89 pages of exhibits, none of which are referred to in the amended complaint. The court's memorandum opinion at D.I. 20 sets forth the allegations contained in the original complaint and, therefore, there is no need to again recite them. Newly added Count III invokes 42 U.S.C. § 1983 and alleges that defendants violated plaintiff's right to due process and "maintained a policy of practice and/or custom of discrimination retaliation" against plaintiff "for the attempt[] to exercise . . . his right to free speech and property interest." (D.I. 22, ¶ 67)

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the amended complaint: (1) is identical to the complaint and must be dismissed as provided in the March 19, 2014 order; and (2) fails to state a claim under any other legal theory. In the alternative, defendants contend that plaintiff should

provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff opposes the motion.

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

As set forth in the March 19, 2014 memorandum opinion and order, to the extent that plaintiff asserts a private cause of action under Federal Motor Carrier Safety Regulations or the Federal Motor Carrier Safety Act, the claims fail. *See Lipscomb v. Zurich Am. Ins. Co.*, 2012 WL 1902595 (E.D. La. 2002) (Neither the Federal Motor Carrier Safety Regulations nor the Federal Motor Carrier Safety Act creates a private cause of action). Similarly, the Delaware Uniform Commercial Driver License Act, 21 Del. C. §§ 2600-2626, does not provide for a private cause of action. With regard to claims that may be raised under the "Other States Uniform Commercial Driver's License Act," "the States Act," and "29 U.S.C.," said laws are not adequately identified, and the court is unable to discern what it is that plaintiff attempts to plead.

The newly added Count III is similarly deficient given that plaintiff seeks to impose liability against defendants under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. There are no allegations that defendants are state actors or that they were "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

3

In addition, the claims under the remaining statutes upon which plaintiff relies, as well as the due process claims, are deficient. Nor does the complaint provide facts to support any wage claim or claim for fraud. Finally, the allegations are conclusory and fail to meet the pleading requirements of *Iqbal* and *Twombly*. Plaintiff was given an opportunity to cure his pleading defects, but he failed to do so.

In plaintiff's opposition to the motion to dismiss, he sets forth new allegations that are not contained in the amended complaint.[1] (D.I. 27) Therein, plaintiff, who is black, alleges that other drivers, who are black, white, and of foreign descent refused to make a "New York run" or had their driving privileges revoked but, unlike him, they were not fired or disciplined. To set forth a prima facie case of disparate treatment based on race, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position he sought to attain or retain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). As an alternative to the fourth prong, a plaintiff may show "that similarly situated individuals outside the plaintiff's class were treated more favorably [than he]." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 273-74 (3d Cir. 2010) (citations omitted)). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The "plausibility paradigm . . . applies with equal

---

[1] A plaintiff should not be able effectively to amend a complaint through any document short of an amended pleading. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9 (3d Cir. 2002). *Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

force to analyzing the adequacy of claims of employment discrimination." *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 322 (3d Cir. 2008).

Plaintiff alleges that he is a member of a protected class based on his race. Plaintiff describes white, black and "foreign descent" individuals as having received better treatment. Plaintiff alleges that the foregoing individuals were not disciplined for their conduct, while he was disciplined for the same or similar conduct. Plaintiff alleges that he is a member of a protected class, that he was qualified for the position he held, and that he suffered an adverse employment action. However, given that other members of his protected class were not discharged for perceived employment infractions, plaintiff fails to allege that defendants' conduct was motivated by race. These allegations, were they included in the amended complaint, fail to state a claim of employment discrimination. *See Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 931 (7th Cir. 1993) ("a pattern in which blacks sometimes do better than whites and sometimes do worse, being random with respect to race, is not evidence of racial discrimination"). Accordingly, the court concludes that even were it to consider the allegations contained in plaintiff's opposition to the motion to dismiss, he fails to state a plausible claim for discrimination on the basis of race.

## V. CONCLUSION

For the above reasons, the court will grant defendants' motion to dismiss. (D.I. 23) The court finds amendment futile.

An appropriate order will issue.